**Luis Ramirez (022653)**
**Consumer Rights Protection Center, LLC**
**1425 W Elliot Rd #201**
**Gilbert, AZ 85233**
**Phone: 480-426-1359**
**Fax: 888-859-2861**
**lramirez@rlawcenter.com**
**Attorneys for Plaintiff**

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Lance Swinney,** | ) Case No.: |
| | ) |
| Plaintiffs, | ) **COMPLAINT** - |
| | ) **VIOLATION OF THE MAGNUSON** |
| vs. | ) **MOSS WARRANTY ACT, COMMON** |
| | ) **LAW BREACH OF WARRANTY,** |
| **K.Z., Inc., Star RV, LLC.** | ) **AND REVOCATION OF** |
| | ) **ACCEPTANCE** |
| Defendants. | ) |
| | ) |

1. The District Court has jurisdiction to hear this matter under 28 U.S.C. §1331 as there is a federal question pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §2301 *et seq*. Jurisdiction is also conferred through 15 U.S.C. §2310(d) as the amount in controversy exceeds $50,000.00; and through diversity of citizenship. The Court has pendent jurisdiction over the revocation and common law breach of warranty claims.

2. Plaintiff, Lance Swinney ("Plaintiff"), is a consumer who made a purchase in the State of Arizona.

3. Codefendant, KZ Inc. ("KZ") is a foreign corporation authorized to do business in the State of Arizona. KZ is engaged in the manufacture, assembly, integration, sale, supply and distribution of fully integrated trailers and attendant warranties. KZ supplies its products and services to the Arizona consuming public through its authorized dealerships and repair agents,

4. Codefendant Star RV, LLC. Dba Frost RV (Frost) is an Arizona corporation. Frost operates dealerships engaged in the sale and repair of recreational vehicles.

5. KZ unilaterally selected and then installed, integrated and modified all components used to construct the subject Trailer.

6. On August 5, 2017, Plaintiff purchased from Frost a new 2017 K.Z. Venom VIN #4EZFH4030H6088608 (the "Venom"), manufactured, warranted and supplied by KZ, for a total price of $101.521.10 plus accruing financed charges.

7. In connection with Plaintiff's purchase of the Venom, KZ issued and supplied to Plaintiff its written warranty, which includes two (2) years coverage. KZ and Frost intended Plaintiff to view the fact the Venom was "warranted" as an assurance of the Venom's quality, thereby inducing Plaintiff's purchase. Frost additionally instructed Plaintiff that any issues or defects should be directed to KZ for repair.

8. In addition, under the KZ repair or replacement warranty, KZ and its repair agents and were required by common law and statute to perform adequate and competent repairs or replacements within a reasonable opportunity and time, as competent repairs

within a reasonable opportunity/amount of time is the essential purpose of warranties restricted to repair or replacement of defective parts.

9. The Venom has experienced numerous defects and conditions, including but not limited to: beds (2 repair attempts); rain sensors/fantastic fan (2 repair attempts); hydraulic gears, slide out, cabinet hinges, bedroom wall latches, bedroom blind, sofa, cargo door, folding table, refer operation on LP, fueling station wiring, trim, delamination, spare tire winch cable, bathroom drawer, cabinet doors, counter top, and quick connect hose.

10. The Venom has been the repair shop 226+ days and counting. Despite its excessive repair history, the Venom remains in a non-conforming defective condition.

11. The Venom's numerous defects and its inadequate repairs constitute substantial impairment in the use and value of the subject Trailer to Plaintiff.

12. Plaintiff has been further damaged by canceling several planned trips because of the defective condition of the Venom and by being without benefit of the use of a Trailer he paid for.

13. Plaintiff provided KZ and Frost, through their authorized repair agents, a sufficient opportunity to repair the defects, non-conformities and conditions within the Venom.

14. Despite being given more than a reasonable number of attempts/reasonable opportunity to cure said defects, non-conformities and conditions, KZ and Frost failed to do so. As such, the Venom's warranty has failed its essential purpose.

15. KZ and Frost's failure to correct said defects violates KZ and Frost's statutory and common law duties to Plaintiff and the expectations created by KZ and Frost's promotional documents and warranties.

16. As a result of the failure to repair by KZ and Frost and their repair agents, the Venom cannot be utilized as intended by Plaintiff at the time of acquisition.

17. Plaintiff provided KZ and Frost additional written notification of the defects within the subject Trailer and Plaintiff's lawful demand for compensation.

18. Plaintiff has informed Frost of his revocation of acceptance of the Venom.

19. Plaintiff has been and will continue to be financially damaged due to KZ's and Frost's failure to conform the Venom to its warranty as Plaintiff did not receive the basis of his bargain for a new Venom, but instead were saddled with an Venom riddled with defects akin to an improperly maintained high mileage used Trailer of a much lesser value.

20. Plaintiff has met all legal and enforceable obligations and preconditions provided in KZ warranty and applicable law.  As a direct and proximate result of KZ's failure to comply with its written warranty, statutory obligations, and common law duties, Plaintiff has suffered damages and, in accordance with 15 U.S.C. §2310(d), Plaintiff is entitled to bring suit for such damages and other legal and equitable relief.

21. Plaintiff demands a trial by jury.

**COUNT I**
**BREACH OF WRITTEN WARRANTY**
**PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT:**
**CODEFENDANT KZ**

22. Plaintiff re-alleges and incorporates by reference paragraphs 1-21 in this Complaint.

23. Defendant KZ failed to comply with its duties and obligations under its written warranty. Additionally, the warranty has failed of its essential purpose.

24. KZ did not repair the Venom's defects and conditions within a reasonable number of attempts or time.

WHEREFORE, Plaintiff requests that the Court:

    a. Enter judgment against KZ for all actual, incidental and consequential damages to which Plaintiff is entitled;

    b. Grant Plaintiff all reasonable attorneys' fees, litigation costs and expenses pursuant to 15 U.S.C. §2310 (d)(2); and,

    c. Grant all other relief deemed just and appropriate.

## COUNT II
## COMMON LAW BREACH OF WARRANTY
## CODEFENDANT KZ

25. Plaintiff re-alleges and incorporates by reference paragraphs 1-21 in this Complaint.

26. KZ failed to comply with its duties and obligations under its written warranty. Additionally, the warranty has failed of its essential purpose.

27. KZ did not repair the defects and conditions herein within a reasonable number of attempts or time.

WHEREFORE, Plaintiff prays for the following relief against Defendant KZ for its written warranty breach:

a. An award of diminution in value damages;

b. All incidental and consequential damages;

c. All attorneys' fees, expert fees and court costs incurred during the commencement and prosecution of this matter pursuant to A.R.S. § 12-341 and A.R.S. § 12-341.01; and,

d. All other relief deemed justified by this Court.

## COUNT III
## REVOCATION OF ACCEPTANCE PURSUANT TO A.R.S. § 47-2608
## CODEFENDANT FROST

28. Plaintiff re-alleges and incorporates by reference paragraphs 1-21 of this Complaint.

29. Frost's tender of the Venom was substantially impaired to Plaintiff due to the unit's defects and non-conformities.

30. Plaintiff accepted the Venom on the reasonable assumption that any nonconformities within the Trailer would be seasonably cured.

31. The nonconformities have not been seasonably cured.

32. Plaintiff's acceptance of the Venom was reasonably induced by the difficulty of discovering the Venom's nonconformities before acceptance and by seller's assurances regarding the quality of the Venom.

33. Plaintiff's revocation of acceptance occurred within a reasonable time after discovering the grounds for revocation and before any substantial change in condition of the Trailer which was not caused by its own defects.

34. Plaintiff has notified Frost of the revocation.

WHEREFORE, pursuant to A.R.S. §47-2608, Plaintiff prays that Frost be ordered to:

a. Accept Plaintiff's revocation of acceptance, return all monies paid towards the subject Trailer and remove any outstanding loan balance in exchange for return of the Trailer;

b. Pay all reasonable court costs and attorneys' fees pursuant to A.R.S. §12-341 and A.R.S. §12-341.01;

c. Provide any other relief deemed just and appropriate.

**RESPECTFULLY SUBMITTED** this 21st day of April, 2019.

By: /s/ *Luis Ramirez*
    Luis Ramirez
    Consumer Rights Protection Center
    1425 W Elliot Rd #201
    Gilbert, AZ 85233
    Attorneys for Plaintiff